**SOSENE ASIFOA and LEFOTU TUILESU, Appellants**

**v.**

**LUALEMAGA E. FAOA, Appellee**

High Court of American Samoa
Appellate Division

AP No. 20-90

June 8, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting
Associate Justice, MUNSON,** Acting Associate Justice, AFUOLA,
Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellants, Charles V. Ala'ilima
For Appellee, Afoa L. Su'esu'e Lutu

---

\* Honorable Alfred T. Goodwin, Senior Circuit Judge, United
States Court of Appeals for the Ninth Circuit, serving by designation of
the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District
Court for the Northern Mariana Islands, serving by designation of the
Secretary of the Interior.

RICHMOND, J.:

This appeal is from a decision of the Land and Titles Division holding that a 1969 registration of land by Lualemaga was valid and that the appellee was therefore entitled to judgment against the appellants for eviction and trespass. The trial court also found that the appellants had not proved that they had adversely possessed the land. Execution of the eviction order was stayed pending this appeal.

The land in question, located on the boundary between A'oloau and A'asu, was part of a tract originally proposed for registration by Lualemaga Faoliu of the Village of A'asu in 1961. An objection was raised, so the matter was referred to the High Court for resolution. *Asu Village Chiefs v. Village of Asu*, CA No. 40-1961. (Aug. 10, 1961) (the "1961 case"). The only objection was withdrawn, so the court ordered the land registered; this was not done. In 1969, before a new judge, it was "brought to the attention of the court" that the Registrar had not registered the land in accordance with the earlier court order. After reviewing the transcript of the earlier hearing, the court again ordered the Registrar to register the land, and this time, the land was registered. The appellants, chiefs of the Village of A'oloau, now seek to register the land as theirs, claiming that the registration was invalid because the land is located in A'oloau, not A'asu, and that A'oloau never received the required notice of the proposed registration in accordance with Chapter 18, Section 905 of the Code of American Samoa (now A.S.C.A. § 37.0103).

The appellants first assert that they have standing to raise the issue of defective notice in the registration. They are correct. The fact that the registration was ordered by the court, rather than done strictly by the Registrar, does not bar the appellants from claiming that notice was defective in the 1961 case. A collateral attack of an *in rem* judgment is permissible if notice in the first case was defective. *Scott v. McNeal*, 154 U.S. 34, 14 S. Ct. 1108, 1112 (1894); *see also* 47 Am. Jur. *Judgments* § 1071 (2d ed. 1969). Appellants are also not barred by *res judicata*, because they were not parties to the 1961 case. *See Namu v. Satele*, 15 A.S.R.2d 141 (1990). Thus, they may attempt to show that the notice given for this registration was defective.

Next, appellants claim that the notice *was* defective. In order to prove this, appellants must meet a heavy burden. *Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 28 (App. Div. 1989) (emphasis added), established

the applicable standard: "the Court must assume--and, *absent compelling proof to the contrary*, must conclude--that the Registrar recorded a title only after complying with his obligations under the law." The court also noted that "[c]ourts can and do disregard registrations . . . in which the *failure* to afford the required notice *affirmatively* appears in the record of the registration itself." *Id.* (citing *Faleafine v. Suapilimai*, 7 A.S.R.2d 108 (1988)) (emphasis added).

Appellants claim that the blank "affidavit of notice" in the Registrar's files constitutes affirmative proof of the failure to afford the required notice in the record of the Lualemaga registration. The appellants also rely on the file's lack of responses from several pulenu'us of villages surrounding the land to a letter from the clerk of the court requesting the pulenu'us to certify that notice was given in their villages, including A'oloau, in the 1961 case. These two factors, combined with the testimony from a witness, Aimalefoa Lefotu Puletu, that she does not remember any notices or announcements regarding this land nor does she remember her father's ever mentioning a notice's being posted, have led the appellants to claim that they have shown "compelling proof" that the notice was defective. Their primary argument is that "[t]here was no affirmative evidence of any posting," including no affirmative statement by either judge in the 1961 and 1969 hearings or by the Registrar that the statutory notice was given. Appellants' Brief at 10. The *Ifopo* standard, however, does not require that there be affirmative evidence of *posting* in the registration, but affirmative proof in the record of the registration itself of the *failure* to post notice in accordance with the statute.

Appellants rely on *Vaimaona v. Tuitasi*, 18 A.S.R.2d 88 (App. Div. 1991), to establish that the blank "affidavit of posting" meets the *Ifopo* burden. In *Vaimaona*, the court remanded the case for an evidentiary hearing on the issue of notice because the "affidavit of posting" was defective on its face. That case significantly differs from the present case, however, because the affidavit in *Vaimaona* showed statutory deficiencies *on its face*. The affidavit was filled out, but only alleged posting for 33 days instead of the required 60 days. It was also subscribed to on the first day of posting, which was obviously before the posting took place, so it was prepared without personal knowledge by the subscriber; several other deficiencies that are not relevant to this case were also noted.

93

This facial deficiency is significant because in the present case, *no* affidavit was filled out. If such an affidavit were required by the statute, this might constitute a facial deficiency sufficient to meet the *Ifopo* burden, but no such affidavit is required. In *Namu v. Satele, supra,* 17 A.S.R.2d at 144, the court correctly noted that "the 'affidavit of posting' is an administrative convenience (albeit a salutary one) rather than a statutory requirement." The statute merely requires that "[i]f no notice of adverse claim is filed within the 60-day period, *and all the requirements of this chapter have been complied with,* the territorial registrar *shall* register the title to such land in the name or names of the applicant or applicants." A.S.C.A. § 37.0103(c) (emphasis added).[1] If an adverse claim is filed, as occurred in the 1961 case, A.S.C.A. § 37.0104(b) directs that "[u]pon adjudication of the matter by the High Court, the territorial registrar shall register the land as directed by the court." Neither statute requires a certification or an affidavit by the Registrar or the court that notice was given for the required period. Likewise, the clerk of the court's request to the pulenu'us for certification was not a statutory requirement. This absence of required certifications is precisely the reason that the *Ifopo* standard requires that compelling proof of *defective* notice appear *affirmatively* in the registration itself. Under *Ifopo,* the court presumes that the Registrar--or, as in this case, the earlier court--only caused the land to be registered after complying with the registration statutes, including the notice statute, as A.S.C.A. § 37.0103(c) requires. The lower court thus correctly applied this presumption.

Moreover, two other factors in the 1961 case strengthen this presumption by leading to a strong inference that notice was given: the letter in the 1961 case from the clerk of the court to the pulenu'us of several villages near the land leads to the inference that notice was given, even though it is not further substantiated by "certification" from several of the pulenu'us; and the presence of Fuimaono, the principal matai of A'oloau, at the 1961 hearing.[2]

---

[1]  The statutes in effect at the time of the 1961 case had the same requirements as the present statutes; the present statutes are used for ease of reference.

[2]  It is true that "actual knowledge of the proposed conveyance does not vitiate the importance of notice [in accordance with the statute], because other interested persons might have had some objection to registration of title," *Vaimaona v. Tuitasi,* 18 A.S.R.2d at 95, but such

94

Appellants have not met the burden established by *Ifopo*. The valid registration by Lualemaga precludes the court from questioning the boundary established by that registration. We therefore AFFIRM the trial court's decision.

---

knowledge may lend itself to an inference that proper notice was given.